| | |
|---|---|
| 1 | Jonathan M. Reymann (State Bar No. 206847) |
| 2 | (jr@dmcounsel.com)<br>DENTAL & MEDICAL COUNSEL, P.C. |
| 3 | 111 Deerwood Rd., Suite 340<br>San Ramon, California 94583 |
| 4 | Telephone: (925) 999-8200<br>Facsimile: (925) 884-1725 |
| 5 | Attorneys for Applicants |
| 6 | SPROTT RESOURCE LENDING CORP. (formerly known as<br>QUEST CAPITAL CORP.) and TCC MORTGAGE HOLDINGS, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE:<br><br>APPLICATION OF SPROTT RESOURCE LENDING CORPORATION AND TCC MORTGAGE HOLDINGS, INC. FOR AN ORDER COMPELLING PRODUCTION OF DOCUMENTS PURSUANT TO 28 U.S.C. § 1782 | Case No. 16-mc80058-SK<br><br>**ORDER GRANTING APPLICATION FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782** |

Upon review of the joint *ex parte* application of Sprott Resource Lending Corp., formerly known as Quest Capital Corp. ("Sprott"), and TCC Mortgage Holdings, Inc. ("TCC"), for an order compelling Google, Inc. ("Google") to produce documents pursuant to 28 U.S.C. § 1782, and good cause appearing, the Court FINDS and ORDERS as follows:

1. Sprott and TCC have satisfied the requirements of 28 U.S.C. § 1782, and are hereby authorized to issue a subpoena to Google in the form attached hereto as Exhibit A, pursuant to Fed. R. Civ. Pro. 45, and the Court appoints Jonathan M. Reymann to issue, sign and serve such subpoena upon Google.

2.       Google is directed to comply with such subpoena in accordance with, and subject to its rights under, the Federal Rules of Civil Procedure and the Rules of this Court.

3.       The Court finds that Gregory Rheinhard Rohland ("Rohland") is the registered account holder and sole authorized user of a Gmail account with the addresses gregrohland@gmail.com and greg.rohland@gmail.com (the "Google Account").  Rohland has made conflicting statements regarding whether he consents to Google delivering and divulging the contents of his Google Account as described herein.  Rohland submitted an affidavit dated February 11, 2016, providing his express consent to the relief sought by this *ex parte* application.  However, it appears that on February 11, 2016, prior to signing the affidavit, Rohland sent an email to Google stating that his consent was obtained through coercion based on the threat of a contempt proceeding in British Columbia.  While this Court recognizes that compelled consent may be valid for purposes of compliance with the Stored Communications Act (*see Negro v. Superior Court*, 230 Cal. App. 4th 879, 896-899 (2014)), in order to avoid confusion and address concerns raised by Google, this Court orders Rohland to provide fresh consent according to the procedure set forth in Paragraph 4, below.

4.       The Court further orders Rohland to consent in writing to Google in the following manner:  (i) following the entry of this Order, Michael Dew, counsel for Sprott, will send an email to the user gregrohland@gmail.com attaching a copy of this Order; and (ii) within three (3) days of the transmission of this email, Rohland shall send an email message from the user's Google Account to google-legal-support@google.com with this Order attached ("Consent Email"), and shall copy such email to Michael Dew, counsel for Sprott, at email address mdew@jml.ca.  The Consent Email shall state that the user consents to Google's disclosure of all communications dated on or before December 1, 2015 GMT/UTC associated with the Google Account which are in the Google Account, were recently deleted from the Google Account, or were preserved pursuant to the request(s) in this matter (the "Documents").  The Consent Email shall further state that the user consents to Google delivering the Documents to Roland Luo, Suite 1215 - 650 West Georgia Street, Vancouver, BC  V6B 4N7, Canada, Telephone: (604) 800-4628.  The Court finds that Rohland's consent, once it is provided as described herein, shall

1 | be sufficient under the Stored Communications Act (18 U.S.C. § 2701 *et seq.*), and shall render
2 | moot any previous statements to the contrary that Rohland may have made to Google.
3 |   5.  Within ten (10) days of service of the subpoena as provided herein, Google shall
4 | write or otherwise record the Documents on a separate compact disc (CD) or other fixed medium
5 | and mail via overnight courier to Roland Luo, Suite 1215 - 650 West Georgia Street, Vancouver,
6 | BC  V6B 4N7, Canada, Telephone: (604) 800-4628.
7 |   6.  Google's production of the Documents, as outlined in paragraph 5, will complete
8 | Google's discovery obligation in this matter.
9 | IT IS SO ORDERED.
10 | DATED:  April 20, 2016

_____
U.S. DISTRICT COURT JUDGE

**ORDER GRANTING APPLICATION**
**FOR DISCOVERY PURSUANT TO 28 U.S.C. § 1782** Page 3